STRATTON, Respondent, v. C. M. & ST. P. RY. CO., Appellant.

(168 N. W. 757).

(File No. 4323.   Opinion filed September 3, 1918.)

1.   Carriers—Damage To, Loss, Re Shipment of Goods, Lower Rate,
     Contract Limiting Value—Unsupported Theory That If Ship-
     ment Without Value Limitation Without Additional Cost,
     Then Limitation Invalid—Burden of Proof—Erroneous In-
     struction.

     Where, under a contract of freight shipment of heterogeneous
     household goods in carload lots a lower rate of carriage was
     contracted for in consideration of plaintiff's fixing value of
     goods at not exceeding $10 per cwt., charges being fixed on

basis of a minimum load of 20,000 lbs., there being evidence that if the goods had not been shipped at carload rates the rate would have been 93c per cwt., plaintiff's theory, adopted by trial court, being that if the goods could have been shipped without limitation of value, at a sum not exceeding that paid by plaintiff, then the limitation of value in contract was without consideration and void, and that in that event plaintiff was entitled to recovery based on full value of the goods; trial court having charged in line with such theory and that if, based upon actual weight of goods, the charges at 93c per cwt. would not have exceeded the amount actually paid for the shipment, such limitation was not binding upon plaintiff; **held,** that, assuming such theory to be correct that, the burden being upon plaintiff to show the agreement was without consideration, and there being no evidence tending to show that at 93c per cwt. the charge would not have exceeded the amount paid, therefore, such instruction was prejudicial, since the jury may have based its verdict upon actual value of the goods damaged or lost.

2. Same—Damages, Heterogeneous' Goods Shipment—Contract Limiting Value for Lower Rate—Damage, Loss, Measure of, Whether Average Value, Or Specific—Weight of Each Article, Necessity of Showing—Instruction.

Where a carload of heterogeneous household goods was shipped under a contract limiting value of the goods for purpose of securing a lower rate of shipment, held, that an instruction requested by defendant that, before plaintiff could recover upon any article, she must establish its weight, is untenable; since, under the contract, it was merely agreed that the carload was of an average value not exceeding $10 per cwt., and it must have been understood that many articles thereof would be of a value far in excess of such average, and other articles below it.

3. Same—Carload Shipment of Goods—Rate on Minimum Load, Evidence of Lighter Weight—Instruction of Agreement Upon Greater, As "Minimum" Weight—Error.

Where a contract of a carload shipment of household goods fixed the rate of carirage on basis of a minimum load of 20,000 lbs., the evidence being that the actual weight was 16,000 lbs., trial court erreoneously instructed that the parties had agreed upon 20,000 lbs. as their "minimum" weight; since the contract was merely of such weight as basis of fixing freight rate provided it did not exceed 20,000 lbs., and was not a binding agreement that they actually weighed that much, their actual weight as well as actual value, being a matter of proof; there being evidence that their actual value much exceeded $1600, the value of 16,000 lbs. the limited value at $10 per cwt.

**4.  Same—Heterogeneous    Goods—Loss,    Damage,    In    Shipment—
     Limited  Values  Contract,  Actual  Value  Exceeding—Rule  of
     Damages.**

The correct rule, and one applicable to all cases where there
is a limited valuation agreement in a contract for a carload
shipment of heterogeneous goods, and where the actual value
thereof exceeds such limited value, is, to base loss upon limited
or agreed valuation of the thing injured, lost, or destroyed,
adopting as agreed value of each article that proportion of its
actual value which the agreed valuation of whole shipment
bears to actual value thereof.  So held, where the contract
contained a limitation clause as basis for fixing rate of ship-
ment and as consideration for a lower rate than would have
been imposed had no limitation of value been fixed by owner.

Appeal from Circuit Court, Beadle County.  Hon. Alva E.
Taylor, Judge.

Action by Pauline A. Stratton, against the Chicago, Milwau-
kee & St. Paul Railway Company, to recover damages for loss
of and injury to a carload shipment of household goods.  From a
judgment for plaintiff, and from an order denying a new trial,
defendant appeals.  Reversed.

*Porter & Grantham,* and *Null & Royhl,* for Appellant.

*Crawford & Crawford,* for Respondent.

(1) To point one of the opinion, Appellant cited:

Western Transit Co. v. Leslie & Co., 242 U. S. 448; C. C. C.
& St. L. Ry. Co. v. Dettlebach, 239 U. S. 588; Southern Ry. Co.
v. Prescott, 240 U. S. 632; Kansas City & Southern Ry. Co. v.
Carl, 227 U. S. 639.

Respondent cited:

Western Transit Company v. A. C. Leslie and Co., 37 Sup.
Ct. Rptr, (U. S.), 133.

(2) To point two, Appellant cited:

Western Transit Company v. A. C. Leslie & Co., 242 U. S.
448; Kansas City Southern Ry. Co. v. Carl, 227 U. S. 639; Wyatt
v. Mo. Pac. Ry. (Mo.), 158 S. W. 720.

Respondent cited:

Kansas City Southern R. Co. v. Carl, 227 U. S. 639,.656, 57 L.
ed, 683, 689, 33 Sup. Ct. Rep. 391; Western Transit Company v.
A. C. Leslie & Co., 37 U. S. Sup. Ct. Reptr., 133.

WHITING, P. J.  Plaintiff seeks to recover damage which
she claims to have suffered through the negligence of defendant

and its connecting company in the shipment of a carload lot of household goods. She alleged that certain of said goods were never returned to her, others were damaged and returned in a damaged condition, and still others were damaged, and, at her expense, repaired. Verdict and judgment were for plaintiff. From such judgment and an order denying a new trial, defendant appeals.

The shipment was made under a contract containing a limitation clause under which, as a basis for fixing the rate at which such goods should be shipped and as a consideration for a lower rate than that which would have been imposed had no limit of valuation been fixed by the owner, the said plaintiff fixed the value of said goods at not to exceed $10 per hundredweight. The shipment was a carload shipment and at carload rates; the charges being fixed on the basis of a minimum load of 20,000 pounds. There was evidence to the effect that, if these goods had not been shipped at carload rates, the rate would have been 93 cents per hundredweight.

Numerous errors are assigned, but we think that only two of the questions raised by such assignments need be considered on this appeal.

[1] It was the theory of the plaintiff, which theory was adopted by the trial court, that, if these goods could have been shipped without a limitation of value, at a sum not in excess of the sum paid by plaintiff for freight on this shipment, then that part of the contract wherein plaintiff placed a limitation of value upon said goods was without consideration and not binding upon her, and that, if the jury should so find, plaintiff was entitled to a recovery based upon the full value of the goods. In line with such theory, the court instructed the jury, in effect, that if, based upon the actual weight of the goods shipped, the charges for the shipment at 93 cents per hundredweight would not have exceeded the amount actually paid for such shipment, the limitation of value was not binding upon plaintiff. This instruction was excepted to. Without passing upon the correctness of the theory held by the plaintiff and adopted by the court, but assuming that such theory is correct, yet there was absolutely no evidence upon which the trial court was justified in giving such instruction. The burden was upon plaintiff to show that there was no consideration for her agreement; it was therefore necessary for there to be some evidence tending to show that, at 93 cents per hundredweight, the

amount of charges would not exceed the amount paid. It stands undisputed that the amount paid was somewhere between $124 and $130. The only evidence as to the actual weight of the goods shipped was evidence submitted on behalf of plaintiff to the effect that these goods actually weighed about 16,000 pounds, which, at 93 cents per hundredweight, would amount to a considerable sum in excess of the amount paid by plaintiff. It follows that, inasmuch as there is nothing to show but what the jury may have based its verdict upon the actual value of the goods damaged or lost instead of upon the limited valuation placed thereon by plaintiff, such instruction was prejudicial and requires a reversal of the case.

[2] It would not be necessary for us to consider any other alleged error if it were not for the fact that there must be a new trial herein, and another question presented upon this appeal must of necessity arise upon such new trial. This question is: What is the proper method of arriving at the amount recoverable under such a limited valuation contract where the property lost or damaged is heterogeneous in its nature, such as a carload lot of household goods? The trial court, in instructing the jury as to what plaintiff could recover under the limited valuation clause, said:

"* * * She cannot recover for such partial loss more than $10 per hundredweight on the proportion of the total minimum weight of 20,000 pounds represented by that portion of the shipment which was lost or damaged, and in that case you will determine from the evidence what such partial loss or damage is, which must, however, be limited to the sum of $10 per hundredweight. In doing this, you will ascertain what proportion the weight of all that part of the carload shipment lost or damaged, if any, is of the total weight of the entire carload shipment, which, according to the agreement between the parties, weighed 20,000 pounds minimum; and in finding the amount of such damages, you must not exceed the sum of $10 per hundredweight of that part of the carload destroyed or damaged. The parties to the contract, when it was made, dealt with the whole shipment as a carload lot, in fixing the value of the property, its weight, and the rate charged for transportation. They did not deal with each article in the shipment separately. You are instructed to follow the rule adopted by them in this respect in finding the damage, if any, this plaintiff has sustained. * * *

"The court instructs the jury that the plaintiff is not entitled to recover any sum in excess of the actual cash value of the property at the time of delivery to the railway company for the loss or destruction of any property lost to the plaintiff. * * *"

Defendants sought an instruction to the effect that each article must be considered by itself and the damage fixed upon each separate article upon the basis that the value of such article did not exceed $10 per hundredweight. Consistent with such requested instruction, it is contended by defendant that, before plaintiff could recover upon any article in said carload shipment, it was incumbent upon her to establish the weight of such article. It needs no reflection to see that such a rule would be absolutely impracticable and unreasonable. In order to meet such a requirement, it would be necessary for a party intending to ship household goods to weigh every knife, chair, sofa, piano, feather bed, stove, etc., and to make and keep an itemized list of all said articles in order to be prepared to make proof in case he suffered loss through the negligence of the shipper, as otherwise the necessary proof could not possibly be forthcoming as to at least the great majority of articles that would go to make up such a shipment. Both parties have cited decisions in cases where the articles shipped were of a homogeneous nature, in two cases the shipments being of metal ingots, all ingots in each shipment being of the same metal and, so far as appears, alike in their percentage of purity. It is readily to be seen that, where the goods shipped are thus homogenous, the damage can be based upon the weight of the particular part lost or injured as the valuation of each pound of the shipment is the same, and can in no case exceed the true value or the agreed limited value. But an entirely different situation is presented where the goods are heterogeneous in their kind. From what is said above, it is apparent that it is defendant's theory that, by the limitation clause in this contract, it was agreed that no article was of a greater value than $10 per hundredweight. Such is not the agreement. Under this contract it was merely agreed that this carload of household good was of an average value not in excess of $10 per hundredweight. It must, from the very necessity of things, have been understood that, if the average value of this carload of heterogeneous goods was not in excess of $10 per hundredweight, yet many articles would be of a

value far in excess of such average and other articles below such average. The question then is: What rule or method can be prescribed under which damages to such a lot of goods can be determined which rule will in all cases reach absolute justice—a rule or method that will apply both in case of a total loss or destruction of the whole or a part of the goods and in case of mere injury to such goods?

[3, 4] As above noted, there was evidence that the actual weight of these goods was 16,000 pounds. The trial court assumed that the parties had agreed upon 20,000 pounds as their "minimum" weight. Such assumption was wrong. 20,000 pounds is the basis upon which defendant fixed the freight charge provided the weight of goods did not exceed 20,000 pounds. It in no manner amounted to a binding agreement that these goods actually weighed 20,000 pounds, but their actual weight, as well as their actual value, was a matter open to proof. There was evidence that the actual value of these goods was much in excess of $1,600, the value of 16,000 pounds at $10 per hundredweight. For the purpose of illustration, let it be assumed that the weight of this carload of goods was 16,000 pounds, and that the actual value of the same was $3,200, or $20 per hundredweight. Supposing that, through destruction or injury, there had been a 50 per cent. loss, or an actual loss of $10 per hundredweight on the whole carload. It would have been unreasonable for defendant in such case to contend that plaintiff could not recover, because, forsooth, defendant returned goods which, though damaged and partly lost, yet equaled in value the $1,600 agreed valuation. It would be just as unreasonable to contend that plaintiff, while getting a rate based upon a $1,600 valuation, could recover the whole $1,600, the amount of injury that these goods actually suffered, and yet receive back the $1,600 worth of injured goods, when, if the goods had been entirely destroyed, she could not have recovered to exceed the $1,600. The correct rule and one applicable to all cases where there is a limited valuation agreement and where the actual value of the goods exceeds such limited value is to base the loss upon the limited or agreed valuation of the thing injured, lost, or destroyed, adopting as the agreed valuation of each article that proportion of its actual value which the agreed valuation of the whole shipment bears to the actual value of such shipment. Even

where a carload of freight has not been weighed, at least a fairly accurate estimate of its weight can be arrived at, and this when it would be impossible to prove the weight of each and every article therein. Thus, with the evidence showing this carload of goods to weigh 16,000 pounds, its agreed limited value was $1,600. If the evidence showed the actual value to be $3,200, then the value to be placed on each article as a basis for determining damages would be one-half of its actual value. Suppose that this carload of goods weighed 16,000 pounds and was actually worth $3,200, and that, of these 16,000 pounds of goods, there were 6,000 pounds that were worth $2,400, the other 10,000 pounds being worth but $800. If the goods of cheaper value were totally destroyed, and the other goods uninjured, it certainly would be unreasonable to, and no court would, allow plaintiff to recover $1,000 for the 10,000 pounds of goods worth only $800. If it were the 6,000 pounds of the greater value that were destroyed, it would be just as unreasonable to restrict the recovery according to defendant's theory so that plaintiff could recover only $600, or but one-fourth of its real value. It will be seen that the effect of allowing plaintiff but $10 per hundredweight on the more valuable goods and limiting her recovery to not to exceed the actual value on the other goods would be, in case of the destruction of the whole carload of goods, to limit her recovery to $1,400, or $200 less than the agreed limited value of the whole shipment. While under the rule we announce the recovery on the 6,000 pounds of more valuable goods would be one-half of $2,400 or $1,200, and on the 10,000 pounds of less valuable goods one-half of $800, or $400—a total of $1,600. If the actual value of a shipment is twice the agreed limited value, and a silver spoon worth $1 is lost, the recovery therefor should be 50 cents; if a feather bed worth $10 is lost, the recovery therefor should be $5; if a chair worth $8 is injured, reducing its value $4, the recovery should be $2.

Complaint is made that the court, by its instructions, allowed a double recovery as to certain of the goods, to wit, a recovery for the amount paid for the repairing of such goods as well as a recovery based upon the weight of such goods. It is not clear to us that the instructions are subject to such construction; but, if so, it can clearly be avoided upon the new trial.

The judgment and order appealed from are reversed.